NOT FOR PUBLICATION
File Name: 07a0526n.06
Filed: July 25, 2007

No. 06-1505

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

DARITA STERLING-WARD, Next
Friend of Sharonda Sterling, a minor

        Plaintiff-Appellant,

v.

EDWARD TUJAKA; MICHAEL
ALMERANTI; LISA MONTICCIOLO,

        Defendants-Appellees.

_____/

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF MICHIGAN

BEFORE:    SUHRHEINRICH, GIBBONS, and COOK, Circuit Judges.

**PER CURIAM.**  Plaintiff Darita Sterling-Ward, next friend of Sharonda Sterling, sued

Defendants Edward Tujaka, Michael Almeranti, and Lisa Monticciolo, police officers with the City

of Grosse Pointe (collectively "Defendants"), alleging claims under 42 U.S.C. § 1983 and state law

based on Defendants' arrest of Sharonda for disorderly conduct. The district court granted summary

judgment to Defendants and denied summary judgment to Plaintiff.

On appeal, Plaintiff claims that the district court incorrectly ruled as a matter of law that

Defendants' entries into Plaintiff's home were consensual, and that Defendants were otherwise

entitled to qualified immunity from Plaintiff's § 1983 claim based on unlawful entry. Plaintiff also

asserts that the district court erred in dismissing Plaintiff's § 1983 claim based on unlawful arrest

on the grounds that Defendants had probable cause to arrest Sharonda for disorderly disturbance

under the City of Grosse Pointe's Code of Ordinances. Third, Plaintiff contends that the district

court erred in dismissing Plaintiff's state law tort claims of false arrest/imprisonment, assault and battery, intentional infliction of emotional distress, and supervisory liability.

Having had the benefit of oral argument and having reviewed the parties' briefs and applicable law, we find that we have little to add to the district court's thorough and well-reasoned opinion dated February 14, 2006. Plaintiff cannot now create a genuine issue of fact for trial because her counsel conceded at oral argument in the district court that Sharonda did not ask the officers to leave during the first visit and conceded that she was not contesting the first entry. Thus, the district court's holding that Defendants' first entry was based on both Nicole Saleh's apparent authority and Sharonda's implied consent remains valid. That ruling also supports the district court's conclusion that Defendants were entitled to qualified immunity as to the second entry, given the apparent authority and implied consent from Saleh and Sharonda provided Defendants the first time they entered the home. Plaintiff's other contentions are without merit for the reasons stated by the district court.

Thus, for the foregoing reasons, the judgment of the district court is **AFFIRMED.**